**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

Weixing V. Wang

v. Case No. 26-cv-826-SE-AJ

Rudolph Ogden

**REPORT AND RECOMMENDATION**

Self-represented Plaintiff Weixing V. Wang brings this action against Defendant New Hampshire Superior Court Judge Rudolph Ogden. Mr. Wang's claims arise out of an action in Rockingham County Superior Court over which Judge Ogden presided. Doc. No. 1 (Complaint). Mr. Wang's complaint is before the court for preliminary review under 28 U.S.C. § 1915(e)(2). For the following reasons, the district judge should dismiss Mr. Wang's complaint.

Legal Standard

When a plaintiff is permitted to proceed without prepayment of the filing fee, the court conducts a preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e)(2). The statute authorizes the court to dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Background

Mr. Wang is a defendant in an action in Rockingham County Superior Court. See Brandywyne Common Condo. v. Wang, 218-2024-CV-01448 (filed Dec. 11, 2024).

Judge Ogden presides over that matter. Mr. Wang alleges that Judge Ogden unlawfully assisted the plaintiff in that matter, Brandywyne Common Condominium Association, including through criminal conduct. Mr. Wang alleges that Judge Ogden lied and purposefully hid evidence and filings.

Discussion

"[I]t is an axiom of black letter law that when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions." Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019); see also Mireles v. Waco, 502 U.S. 9, 11–12 (1991) (judicial immunity is overcome only for "actions not taken in the judge's judicial capacity" and "for actions, though judicial in nature, taken in the complete absence of all jurisdiction") (per curium). This absolute judicial immunity precludes lawsuits seeking damages against federal judges for actions taken as part of "their judicial functions." Mulero-Carrillo v. Roman-Hernandez, 790 F.3d 99, 108 (1st Cir. 2015).

To determine whether a judge is entitled to the protection of the judicial immunity doctrine, the court considers "whether the judge's act was one normally performed by a judge, and whether the parties were dealing with the judge in his or her judicial capacity." Zenon, 924 F.3d at 617 (citing Stump v. Sparkman, 435 U.S. 349, 362 (1978)). Absolute judicial immunity bars Mr. Wang's claims because they all relate to adjudicative actions Judge Ogden took while presiding over the superior court matter. Judicial immunity is applicable even in the most egregious circumstances of judicial error. See Stump v. Sparkman, 435 U.S. 349, 362 (1978) ("grave procedural errors" by judge in allowing forced sterilization of young girl were insufficient to overcome judicial

immunity); Mireles v. Waco, 502 U.S. 9, 11 (1991) (holding that judicial immunity is "not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial"). Mr. Wang's claims of conspiracy, bad faith, and malice do not overcome judicial immunity. See Dorman v. Higgins, 821 F.2d 133, 139 (2d Cir. 1987) ("[A]n allegation that an act was done pursuant to a conspiracy has no greater effect than an allegation that it was done in bad faith or with malice, neither of which defeats a claim of absolute immunity."). Even if Judge Ogden erred, he remains absolutely immune from suit. See Mireles, 502 U.S. at 13.

Mr. Wang's claims against Judge Ogden arise out of his adjudication of the superior court matter and are thus barred by absolute judicial immunity and must be dismissed on that basis. Further, Mr. Wang, as a private citizen, lacks standing to obtain relief upon any criminal statutes he cites.[1]

## Conclusion

For the foregoing reasons, the district judge should dismiss Mr. Wang's complaint and direct the clerk of court to enter judgment and close this case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report

---

[1] See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Arroyo v. Bocelli, No. 13-10204-PBS, 2013 WL 512999, at *6, 2013 U.S. Dist. LEXIS 17904, at *18 (D. Mass. Feb. 8, 2013) (there is no residual power in private citizens to enforce criminal laws when United States Attorney does not prosecute (citing cases)).

and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Andrea K. Johnstone
United States Magistrate Judge

October 13, 2026

cc: Weixing V. Wang, pro se